UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ISISLEIMI NEGRETTE,
and other similarly situated individuals,

    Plaintiff (s)

v.

BIRD ROAD BAKERY LLC
d/b/a CAO BAKERY & CAFE,
CARLOS D. DEVARONA,
and ANTONIO J. CAO, individually,

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ISISLEIMI NEGRETTE, by and through the undersigned counsel, and hereby sues Defendants BIRD ROAD BAKERY LLC d/b/a CAO BAKERY & CAFE LLC, CARLOS D. DEVARONA, and ANTONIO J. CAO, individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the United States laws. Accordingly, this Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff ISISLEIMI NEGRETTE is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant BIRD ROAD BAKERY LLC d/b/a CAO BAKERY & CAFE (hereinafter CAO BAKERY & CAFE, or Defendant) is a Florida corporation with business in Miami, Florida, within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce. Defendant CAO BAKERY & CAFE is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]

4. Individual Defendants CARLOS D. DEVARONA and ANTONIO J. CAO are the owners/partners/officers and managers of Defendant Corporation CAO BAKERY & CAFE. These Individual Defendants are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Miami-Dade County, Florida, within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

6. Plaintiff brings this cause of action as a collective action to recover from Defendants overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after July 2018, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant CAO BAKERY & CAFE is a Cuban café/restaurant located at 14447 SW 42nd ST, Miami, FL 33175, where Plaintiff worked.

8. Defendants CAO BAKERY & CAFE, CARLOS D. DEVARONA, and ANTONIO J. CAO employed Plaintiff ISISLEIMI NEGRETTE as a non-exempted, full-time, hourly employee from approximately February 02, 2017, through around July 23, 2021, or more than four years. However, for FLSA purposes, Plaintiff's relevant time of employment is 105 weeks. (Before July 15, 2019, Plaintiff was paid an hourly rate, she was paid for O/T hours, and she does not have any complaint)

9. During the relevant time of employment, Plaintiff was a bakery employee, and she worked two periods with two different payment methods.

10. While employed by Defendants, Plaintiff always performed the same work. Plaintiff had duties corresponding to a bakery and cafeteria, including customer service, cash register, bakery items production, breakfasts preparation, cleaning the entire bakery/cafeteria installations and equipment, etc.

11. From the hiring date until July 14, 2019, Plaintiff was a regular employee earning an hourly rate. Plaintiff worked 6 days per week, more than 40 hours weekly, and she was paid for overtime hours at the correct rate. Plaintiff does not have any complaint about this period.

12. On or about July 15, 2019, Plaintiff was misclassified as a manager. As a result, Defendants changed Plaintiff's payment plan from an hourly rate to a salary. Plaintiff continued performing the same manual, repetitive bakery/cafeteria duties and dedicated more than 90% of her working hours to this work. Plaintiff used the remaining time to complete some additional clerical responsibilities.

13. Plaintiff worked more than 40 hours every week. However, after Defendants misclassified Plaintiff as a manager, they did not pay Plaintiff for overtime hours anymore.

14. During the relevant time of employment, Plaintiff worked as follows:

15. <u>1.- First Period from approx. July 15, 2019, to approx. May 23, 2021, or 97 weeks</u>

    a) For 84 weeks, Plaintiff worked regularly and consistently 6 days per week (she had her day off any day of the week) from 5:00 AM to 1:30 PM (8.5hours each day), or 51 hours weekly.

    b) For 13 weeks, between May 01, 2020, and July 31, 2020, Plaintiff worked regularly and consistently 7 days per week from 4:00 AM to 12:00 PM (8 hours each day), for a total of 56 hours every week.

    c) Moreover, in this period, Plaintiff had to attend 2 hours of mandatory working meetings every Monday at 2:00 PM. These mandatory meeting hours constitute 2 additional off-the-clock overtime hours weekly, for 97 weeks, that were not paid at any rate, not even at the minimum wage rate.

16. In this period, Plaintiff was not able to take bonafide lunch periods. Plaintiff was paid a salary of $684.00 weekly, regardless of the number of hours worked during the week.

17. <u>2.- Second Period from approximately May 24, 2021, to July 23, 2021, or 8 weeks.</u> In this period, Plaintiff worked 6 days per week, regularly Monday and Tuesdays from 4:00 AM to 3:30 (11.5 hours each day), from Wednesdays to Saturdays from 5:00 AM to 3:30 PM (10.5 hours each day), for a total of 65 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

18. In this period, after Plaintiff complained about unpaid hours, Defendants gave Plaintiff a salary increase to $784.00 weekly, regardless of the number of hours worked during the week.

19. Plaintiff worked more than 40 hours weekly during her entire employment, but Defendants did not compensate her for overtime hours adequately.

20. Plaintiff clocked in and out, and Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

21. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

22. Plaintiff was paid bi-weekly with paystubs that did not show the real number of days and hours worked.

23. Plaintiff states that she disagreed with the lack of payment for overtime hours, and on or about May 15, 2021, Plaintiff complained to the owner of the business Carlos D. Devarona. Plaintiff complained about working too many hours without payment for overtime hours.

24. On or about May 20, 2021, owner Ivette Cao (wife of Antonio Cao) gave Plaintiff a salary increase to compensate her for overtime hours.

25. However, On or about July 23, 2021, owner Carlos D. Devarona fired Plaintiff.

26. At all times during her employment, Plaintiff performed her work satisfactorily. Accordingly, there was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

27. Plaintiff seeks to recover overtime hours, retaliatory damages, liquidated damages, as well as any other relief as allowable by law.

28. Plaintiff has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class in this action and is obligated to pay reasonable attorneys' fees and costs.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;

## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

29. Plaintiff ISISLEIMI NEGRETTE re-adopts every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

30. Defendant CAO BAKERY & CAFE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Cuban bakery and cafeteria. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

31. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions. In addition, Plaintiff regularly handled and worked on goods and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

32. Defendants CAO BAKERY & CAFE, CARLOS D. DEVARONA, and ANTONIO J. CAO employed Plaintiff ISISLEIMI NEGRETTE as a non-exempted, full-time, hourly bakery employee from approximately February 02, 2017, through around July 23, 2021, or more than four years. However, for FLSA purposes, Plaintiff's relevant time of employment is 105 weeks. (Before July 15, 2019, Plaintiff was paid an hourly rate, she was paid for O/T hours, and she does not have any complaint)

33. During the relevant time of employment, Plaintiff was a bakery employee, and she worked two periods with two different payment methods.

34. While employed by Defendants, Plaintiff always performed the same work.  Plaintiff had all duties corresponding to a bakery and cafeteria, including customer service, cash register, bakery items production, breakfasts preparation, and cleaning the entire bakery/cafeteria installations and equipment.

35. From the hiring date until July 14, 2019, Plaintiff was a regular employee earning an hourly rate.  Plaintiff worked 6 days per week, more than 40 hours weekly. She was paid for overtime hours at the correct rate. Plaintiff does not have any complaint about this period.

36. On or about July 15, 2019, Plaintiff was misclassified as a manager, and Defendants changed Plaintiff's payment plan from an hourly rate to a salary.  Plaintiff continued performing the same manual, repetitive bakery/cafeteria duties and dedicated more than 90% of her working hours to this work. Plaintiff used the remaining time to complete some additional clerical responsibilities.

37. Plaintiff worked more than 40 hours every week. However, after Defendants misclassified Plaintiff as a manager, they did not pay Plaintiff for overtime hours anymore.

38. During the relevant time of employment, Plaintiff worked as follows:

39. **1.- First Period from approx. July 15, 2019, to approx. May 23, 2021, or 97 weeks**

    i. For 84 weeks, Plaintiff worked regularly and consistently 6 days per week from 5:00 AM to 1:30 PM (8.5hours each day), or 51 hours weekly.

    ii. For 13 weeks, between May 01, 2020, and July 31, 2020, Plaintiff worked regularly and consistently 7 days per week from 4:00 AM to 12:00 PM (8 hours each day), for a total of 56 hours every week.

    iii.    Moreover, in this period, Plaintiff had to attend 2 hours of mandatory working meetings every Monday at 2:00 PM. These mandatory meeting hours constitute 2 additional off-the-clock overtime hours weekly, for 97 weeks, that were not paid at any rate, not even at the minimum wage rate.

40. In this period, Plaintiff was not able to take bonafide lunch periods. Plaintiff was paid a salary of $684.00 weekly, regardless of the number of hours worked during the week.

41. **2.- Second Period from approx. May 24, 2021, to July 23, 2021, or 8 weeks,** in this period, Plaintiff worked 6 days per week, a total of 65 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

42. In this period, Defendants gave Plaintiff a salary increase to $784.00 weekly, regardless of the number of hours worked during the week.

43. During her entire employment, Plaintiff worked more than 40 hours weekly, but Defendants did not compensate her overtime hours adequately.

44. Plaintiff clocked in and out, and Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

45. Therefore, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

46. Plaintiff was paid bi-weekly with paystubs that did not show the real number of days and hours worked.

47. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and

custody of Defendants.  However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.  Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

48. Defendants never posted any notice to inform employees of their federal rights to overtime and minimum wage payments as required by the Fair Labor Standards Act and Federal Law. Accordingly, Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

49. Plaintiff is not in possession of time and payment records. Still, before the completion of discovery, she will provide a good faith estimate of unpaid overtime wages based on her best knowledge. Later, Plaintiff will adjust her statement of claim according to discovery.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Thirteen Thousand One Hundred Ninety-Eight Dollars and 59/100 ($13,198.00)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment:  + 155 weeks
   Total relevant number of weeks: 105 weeks

**1.- O/T First Period from July 15, 2019, to approx. May 23, 2021, or 97 weeks**

   Total relevant weeks: 97 weeks
   Salary paid: 684.00 weekly

   i. Overtime for 84 weeks, 6 days per week, 51 hours weekly,
   Unpaid O/T hours: 11 O/T hours
   Salary: 684.00: 51 hours=$14.00 an hour x 1.5=$21.00 O/T hour
   $21.00 O/T rate-$14.00 O/T rate paid=$7.00 half-time difference

   $7.00 half-time x 11 O/T hours=$77.00 weekly x 84 weeks=$6,468.00

   ii. Overtime for 13 weeks, 7 days per week, 56 working hours weekly

      Unpaid O/T hours: 16 O/T hours
Salary: 684.00: 56 hours=$13.00 an hour x 1.5=$20.00 O/T hour
$20.00 O/T rate-$13.00 O/T rate paid=$7.00 half-time difference

$7.00 half-time x 16 O/T hours=$112.00 weekly x 13 weeks=$1,456.00

iii. Overtime for 97 weeks, 2 off the clock hours weekly, paid at $0.00

      Salary: 684.00: 51 hours=$14.00 an hour x 1.5=$21.00 O/T hour
O/T rate: $21.00 an hour

O/T rate $21.00 x 2 off-the-clock O/T hours=$42.00 weekly x 97 weeks=$4,074.00

### 2.- O/T 2nd Period from approx. May 24, 2021, to July 23, 2021, or 8 weeks

      Total relevant number of weeks: 8 weeks
Total hours worked: 65 hours weekly
Total number of unpaid O/T hours: 25 O/T hours
Salary paid: $784.00 weekly: 65 hours =$12.00
Regular rate: $12.00 x 1.5=$18.00 O/T rate
O/T rate $18.00-$12.00 rate paid=$6.00 Half-time difference

Half-time $6.00 x 25 O/T hours=$150.00 weekly x 8 weeks=$1,200.00

Total Periods # 1 and # 2: $13,198.00

c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

50. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay her at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

51. At times mentioned, individual Defendants CARLOS D. DEVARONA and ANTONIO J. CAO were the owners/partners, and they directed CAO BAKERY & CAFE operations. Defendants CARLOS D. DEVARONA and ANTONIO J. CAO were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of CAO BAKERY & CAFE concerning its employees, including Plaintiff and others similarly situated. Defendants CARLOS D. DEVARONA and ANTONIO J. CAO had financial and operational control of the business and provided Plaintiff with her work schedule. They are jointly and severally liable for Plaintiff's damages.

52. Defendants knew and showed a reckless disregard of the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act. Plaintiff and those similarly situated are entitled to recover double damages.

53. Defendants CAO BAKERY & CAFE, CARLOS D. DEVARONA, and ANTONIO J. CAO willfully and intentionally refused to pay Plaintiff ISISLEIMI NEGRETTE overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

54. Plaintiff seeks to recover unpaid overtime wages accumulated from hiring to her last day of employment.

55. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ISISLEIMI NEGRETTE and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ISISLEIMI NEGRETTE and other similarly situated and against the Defendants CAO BAKERY & CAFE, CARLOS D. DEVARONA, and ANTONIO J. CAO, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ISISLEIMI NEGRETTE and those similarly situated demand trial by a jury of all issues triable as right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3); RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

56. Plaintiff ISISLEIMI NEGRETTE re-adopts every factual allegation as stated in paragraphs 1-28 of this Complaint as if set out in full herein.

57. Defendant CAO BAKERY & CAFE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Cuban restaurant. Defendant had more than two employees recurrently engaged in commerce or

the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

58. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions. In addition, Plaintiff regularly handled and worked on goods and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

59. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

60. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

61. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

62. Defendants CAO BAKERY & CAFE, CARLOS D. DEVARONA, and ANTONIO J. CAO employed Plaintiff ISISLEIMI NEGRETTE as a non-exempted, full-time, hourly bakery employee from approximately February 02, 2017, through about July 23, 2021, or more

than four years. However, for FLSA purposes, Plaintiff's relevant time of employment is 105 weeks. (Before July 15, 2019, Plaintiff was paid an hourly rate, she was paid for O/T hours, and she does not have any complaint)

63. During the relevant time of employment, Plaintiff was a bakery employee, and she worked two periods with two different payment methods.

64. From the hiring date until July 14, 2019, Plaintiff was a regular employee earning an hourly rate.  Plaintiff worked 6 days per week, more than 40 hours weekly, and she was paid for overtime hours at the correct rate of time and one-half her regular rate

65. However, on or about July 15, 2019, Plaintiff was misclassified as a manager. As a result, Defendants changed Plaintiff's payment plan from an hourly rate to a salary.  Plaintiff continued performing the same manual, repetitive bakery/cafeteria duties, plus she was assigned some additional clerical responsibilities.

66. Plaintiff worked more than 40 hours every week. However, after Defendants misclassified Plaintiff as a manager, they did not pay Plaintiff for overtime hours anymore.

67. During the relevant time of employment, Plaintiff worked as follows:

68. <u>1.- First Period from approx. July 15, 2019, to approx. May 23, 2021, or 97 weeks</u>

   i. For 84 weeks, Plaintiff worked regularly and consistently 6 days per week from 5:00 AM to 1:30 PM (8.5hours each day), or 51 hours weekly.

   ii. For 13 weeks, between May 01, 2020, and July 31, 2020, Plaintiff worked regularly and consistently 7 days per week from 4:00 AM to 12:00 PM (8 hours each day), for a total of 56 hours every week.

   iii. Moreover, in this period, Plaintiff had to attend 2 hours of mandatory working meetings every Monday at 2:00 PM.  These mandatory meeting hours constitute 2 additional off-

the-clock overtime hours weekly, for 97 weeks, that were not paid at any rate, not even at the minimum wage rate.

69. In this period, Plaintiff was not able to take bonafide lunch periods. Plaintiff was paid a salary of $684.00 weekly, regardless of the number of hours worked during the week.

70. <u>2.- Second Period from approx. May 24, 2021, to July 23, 2021, or 8 weeks,</u> in this period, Plaintiff worked 6 days per week, a total of 65 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

71. In this period, Defendants gave Plaintiff a salary increase to $784.00 weekly, regardless of the number of hours worked during the week.

72. During her entire employment, Plaintiff worked more than 40 hours weekly. Plaintiff was entitled to be paid for overtime hours, but Defendants did not compensate her overtime hours as required by law.

73. Plaintiff clocked in and out, and Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

74. Therefore, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

75. Plaintiff was paid bi-weekly with paystubs that did not show the real number of days and hours worked.

76. Plaintiff was not in agreement with the lack of payment for overtime hours, and on or about May 15, 2021, Plaintiff complained to the owner of the business Carlos D. Devarona. Plaintiff complained about working too many hours without payment for overtime hours.

77. This Complaint constituted protected activity under 29 U.S.C. 215(a)(3).

78. On or about May 20, 2021, owner Ivette Cao (wife of Antonio Cao) gave Plaintiff a salary increase to compensate her for overtime hours.

79. However, On or about July 23, 2021, owner Carlos D. Devarona unfairly fired Plaintiff without giving her a valid reason.

80. At all times during her employment, Plaintiff performed her work satisfactorily. Accordingly, there was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

81. The termination of Plaintiff ISISLEIMI NEGRETTE by the Defendants was directly and proximately caused by unjustified retaliation against Plaintiff because she complained about missing payment for overtime hours, in violation of the FLSA.

82. Moreover, Plaintiff's termination came just in temporal proximity immediately after Plaintiff participated in protected activity.

83. At times mentioned, individual Defendants CARLOS D. DEVARONA and ANTONIO J. CAO were the owners/partners, and they directed operations of CAO BAKERY & CAFE. Defendants CARLOS D. DEVARONA and ANTONIO J. CAO were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of CAO BAKERY & CAFE Y concerning its employees, including Plaintiff and others similarly situated. Defendants CARLOS D. DEVARONA and ANTONIO J. CAO had financial and operational control of the business, provided Plaintiff with her work schedule, and they are jointly and severally liable for Plaintiff's damages.

84. Defendants CAO BAKERY & CAFE, CARLOS D. DEVARONA, and ANTONIO J. CAO willfully and maliciously retaliated against Plaintiff ISISLEIMI NEGRETTE by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising her rights under 29 U.S.C. 215(a)(3).

85. As described above, the motivating factor that caused Plaintiff ISISLEIMI NEGRETTE to be fired from the business was her complaints about the unlawful lack of payment for overtime hours. In other words, Plaintiff would not have been fired but for her complaints about tips and overtime wages.

86. Defendants' adverse actions against Plaintiff ISISLEIMI NEGRETTE were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

87. Plaintiff ISISLEIMI NEGRETTE has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ISISLEIMI NEGRETTE respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff ISISLEIMI NEGRETTE by Defendants CAO BAKERY & CAFE, CARLOS D. DEVARONA, and ANTONIO J. CAO, was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants CAO BAKERY & CAFE, CARLOS D. DEVARONA, and ANTONIO J. CAO, awarding Plaintiff ISISLEIMI NEGRETTE liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable Attorney's fees and costs of this suit; and

E.  Grant such other and further relief as this Court deems necessary and proper.

<u>JURY DEMAND</u>

Plaintiff ISISLEIMI NEGRETTE demands trial by a jury of all issues triable right by a jury.

Dated: August 06, 2021,

        Respectfully submitted,

        By: **/s/ Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:  (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*