UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-22869-COOKE/O'SULLIVAN

ISISLEIMI NEGRETTE,

    Plaintiff,

v.

BIRD ROAD BAKERY LLC, d/b/a
CAO BAKERY & CAFÉ,
CARLOS DEVARONA, and
ANTONIO J. CAO, individually,

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND RECOMMENDING THAT THE CASE BE DISMISSED WITH PREJUDICE

THIS MATTER came before the Court following a settlement conference before the undersigned and the Court having conducted a hearing concerning the settlement.

THE COURT has heard from counsel and considered the terms of the settlement agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"). In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id. The district court may approve the settlement in

order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there are bona fide factual disputes over whether the plaintiff was an exempt employee, what her duties were, whether she was terminated for a proper purpose, whether the defendant owed any overtime and the number of hours, if any, for which the plaintiff was not properly compensated. The terms of the settlement were announced on the record in open Court. The Court has reviewed the terms of the settlement agreement including the amount to be received by the plaintiff and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes.  Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' settlement agreement (including attorney's fees and costs) is hereby APPROVED. It is further

**RECOMMENDED** that this case be dismissed with prejudice and that the Court **retain jurisdiction until December 1, 2021** to enforce the terms of the settlement.

The parties shall have **one (1) day**[1]  from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Court Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191-1192 (11th Cir.

---

[1] The parties agreed to a shortened, one-day period for filing objections.

2020); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND ORDERED**, in Chambers, at Miami, Florida this **1st** day of October, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE